```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
ANTOINE KEANE,                           :
                                         :
                        Plaintiff,       :       24cv6108 (DLC)
                                         :       25cv3411 (DLC)
             -v-                         :
                                         :       OPINION AND
EARLY WARNING SERVICES, LLC, et al.,     :          ORDER
                                         :
                        Defendants.      :
                                         :
-----------------------------------------X
```

APPEARANCES:

For plaintiff Antoine Keane:

Brian Lamar Ponder
Brian Ponder LLP
745 Fifth Avenue, Ste 500
New York, NY 10151

For defendant Early Warning Services, LLC:

Joseph Michael DeFazio
Troutman Pepper Locke LLP
875 Third Avenue
New York, NY 10022

For defendants KeyBank National Association and KeyCorp:

Emily Joy Mathieu
Mohammad Karim Sabbidine
Thompson Hine LLP
300 Madison Avenue, 27th Floor
New York, NY 10017

For defendant Ford Motor Credit Company:

Peter Joseph Fazio
Aaronson Rappaport Feinstein & Deutsch, LLP
600 Third Avenue
New York, NY 10016

DENISE COTE, District Judge:

This Opinion addresses motions to dismiss filed by defendants in two related actions.  For the following reasons, the motions to dismiss are granted.

## Background

Plaintiff Antoine Keane filed an action in state court in 2024 against Early Warning Services, LLC ("EWS"), KeyBank National Association ("KeyBank"), Ford Motor Credit Company LLD ("FMCC") and Trans Union LLC ("TransUnion").  In a second action filed in state court in 2025, Keane again sued EWS and KeyBank.  Both actions were removed to federal court and concern an injury to Keane's credit profile.  The allegations described below are taken from the complaints filed in the two actions.  The allegations are assumed to be true for purposes of this Opinion.

Keane alleges that his identity was stolen and that the thief opened accounts at FMCC and Self Lender.  Keane wrote to TransUnion in April or May of 2024 to dispute the information related to the FMCC and Self Lender accounts.

KeyBank closed Keane's bank account in 2024.  Keane discovered in July of 2024 that EWS, a consumer reporting agency ("CRA"), was relying on an entry furnished by KeyBank to report that Keane had committed "Checking Account Fraud."

On February 28, 2025, Keane wrote to EWS to dispute "inaccurate and misleading information reported in [his] consumer file maintained by" EWS, specifically the KeyBank entry which "falsely accuses [him] of 'Checking Account Fraud.'" Keane asserted that the entry is "incorrect" and demanded its deletion.  He asserted as well that he had "never engaged in fraudulent activity" with any KeyBank account.  Among other things, Keane requested that EWS remove the incorrect allegation and provide him with written confirmation of the results of its reinvestigation.

In a letter of March 13, EWS advised Keane that it had completed a reinvestigation of the accuracy of the reported information and confirmed that the information contained in his file is "accurate and complete" as of the date it was furnished to our database.  EWS advised Keane that he could submit a written rebuttal, and that it would, upon his written request, (1) furnish a copy of his updated report and rebuttal statement to parties who had received a copy of his file during the preceding two years for employment purposes or during the preceding six months for all other purposes, and (2) provide Keane with a copy of its reinvestigation procedures.

Keane does not allege that he submitted a written rebuttal to EWS or that he requested a copy of its reinvestigation

procedures.  He does allege, however, that he has been injured by the false reporting of fraud.  His existing bank accounts have been closed and his applications for credit have been rejected, among other things.

On August 12, 2024, the defendants removed the first action filed by Keane in state court ("2024 Action") to federal court. The 2024 Action, No. 24-cv-6108, asserts seven claims against its defendants, including a claim that there had been a violation of the Fair Credit Reporting Act ("FCRA").  One of the defendants, TransUnion, has resolved the claims brought against it.  The remaining defendants -- EWS, KeyBank, and FMCC -- filed motions to dismiss.

A second FCRA action, No. 25-cv-3411, filed by Keane in state court against EWS and KeyBank, was removed to federal court on April 24, 2025 ("2025 Action").  Defendant EWS has moved to dismiss the claims against it; KeyBank has answered. Keane has moved to strike certain affirmative defenses asserted by KeyBank in its answer.

On December 5, 2025, the two related actions were reassigned to this Court.  The parties have advised the Court that, with one exception, their disputes are ongoing.  As noted, TransUnion and Keane have settled their dispute.

4

**Discussion**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Doe v. Franklin Sq. Free Sch. Dist., 100 F.4th 86, 94 (2d Cir. 2024) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Vengalattore v. Cornell Univ., 36 F.4th 87, 102 (2d Cir. 2022) (quoting Iqbal, 566 U.S. at 678). At this juncture, the court "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." Doe, 100 F.4th at 94 (citation omitted). But "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Iqbal, 556 U.S. 678).

I.   EWS

As alleged by Keane, EWS is a company specializing in fraud prevention and risk management solutions for financial institutions and others. Keane has sued EWS in both actions. EWS moved to dismiss the claims against it in the 2024 Action on the ground that the complaint had not pleaded that Keane had

5

notified a consumer reporting agency ("CRA") of a dispute regarding the accuracy of the information in his consumer report or explained how any investigation by EWS was unreasonable. Before filing the 2025 Action, Keane sent a dispute letter to EWS.

In the 2025 Action, Keane has expanded on his allegations against EWS and asserts that EWS has violated FCRA §§ 1681e(b) and 1681i.  Keane also asserts claims in the 2025 Action under N.Y. Gen. Bus. Law §§ 380 and 349.  EWS moves to dismiss each of those claims.

Given that Keane sought to cure any infirmities in his 2024 Action against EWS by filing the 2025 Action, EWS's motion of August 20, 2024 to dismiss the claims against it in the 2024 Action is granted.  Therefore, the analysis which follows addresses the claims brought against EWS in the 2025 Action.

A.   FCRA § 1681e(b)

Section 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).  To state a claim under § 1681e(b), a complaint must allege that: (1) the CRA was negligent in that it failed to follow reasonable procedures to

assure the accuracy of its credit report; (2) the CRA reported inaccurate information about the plaintiff; (3) the plaintiff was injured; and (4) the CRA's negligence proximately caused the plaintiff's injury.  See, e.g., Hintermaier v. Equifax Info. Servs., LLC, No. 1:24-CV-09697, 2026 WL 82479, at *3 (S.D.N.Y. Jan. 12, 2026); Houston v. TRW Info. Servs., Inc., No. 88-cv-186, 1989 WL 59850, at *1 (S.D.N.Y. May 2, 1989), aff'd, 896 F.2d 543 (2d Cir. 1990).

Keane has failed to plead a violation of § 1681e(b). First, Keane does not plausibly plead that EWS failed to follow "reasonable" procedures to assure the accuracy of information contained in his consumer report.  Keane's pleading that EWS failed to maintain "procedures" to assure accuracy is entirely conclusory.  Second, Keane does not plausibly plead that EWS prepared a consumer report to be provided to a third party and that the report contained inaccurate information.

In opposition to the motion, Keane argues that he need not plead his claim with more particularity, including in what way EWS failed to follow reasonable procedures.  This argument fails.  The law requires a plaintiff to plead a plausible claim. When the claim asserts that a defendant failed to employ reasonable procedures, the complaint must contain sufficient facts to make that violation of law plausible.

7

Keane also asserts that it is unnecessary for his pleading to identify a third-party that received an EWS report containing inaccurate information since the complaint asserts, in general terms, that EWS furnished inaccurate information to "banks, creditors, and prospective creditors" who relied upon the false data to deny Keane access to "financial products and services." This formulaic recitation does not plead a plausible claim of dissemination or injury.  To the extent Keane was denied a financial product or service due to receipt of an EWS report containing inaccurate information, Keane must plead those facts to state a plausible claim for relief.

B.   FCRA § 1681i

Section 1681i outlines reinvestigation procedures that must be followed when there is disputed information in a credit file. It provides that, "if the completeness or accuracy of any item of information contained in a consumer's file . . . is disputed by the consumer . . . the agency shall . . . conduct a reasonable reinvestigation to determine whether the disputed information is accurate."  15 U.S.C. § 1681i(a)(l)(A).  To state a claim under § 1681i, a complaint must allege that: 1) the plaintiff's credit report contains inaccurate or incomplete information, 2) the plaintiff notified the CRA directly about the inaccurate or incomplete information, 3) the plaintiff's dispute is not

frivolous or irrelevant, and 4) the CRA failed to respond to the dispute with a reasonable investigation.  See, e.g., Cohen v. Equifax Info. Servs., LLC, No. 18-CV-6210, 2019 WL 5200759, at *5 (S.D.N.Y. Sept. 13, 2019), aff'd, 827 F. App'x 14 (2d Cir. 2020).

The complaint filed in the 2025 Action fails to plead that EWS did not conduct a reasonable reinvestigation.  Its barebones recitation of statutory language is insufficient to plead a claim.  Accordingly, this claim must be dismissed.

Keane argues that, to state a claim, it is sufficient for a complaint to plead that a CRA continued to rely on inaccurate information after a consumer has disputed the accuracy in writing.  Not so.  A CRA is required to respond to a dispute by conducting a reasonable investigation.  To plead a claim that it violated that statutory duty, the complaint must plead more than Keane has done.

C.   N.Y. Gen. Bus. Law § 349

New York General Business Law § 349(a) prohibits "[d]eceptive . . . acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in th[e] state."  N.Y. Gen. Bus. Law § 349(a).  To state a claim under § 349, the plaintiff must allege "(1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff

9

suffered injury as a result of the allegedly deceptive act or practice." McCracken v. Verisma Sys., Inc., 91 F.4th 600, 607 (2d Cir. 2024) (citation omitted).

Keane's complaint in the 2025 Action fails to state a claim for a violation of § 349.  It does not identify any consumer-oriented conduct or deceptive act undertaken by EWS, nor does it plead that any injury Keane may have suffered was caused by EWS's consumer-oriented deceptive act.  Again, the complaint's conclusory allegations fail to plead a violation.

D.    N.Y. Gen. Bus. Law §§ 380-j(e) and 380-f

The complaint in the 2025 Action asserts a cause of action against EWS for violation of N.Y. Gen. Bus. Law § 380.  Section 380 has many subsections and the cause of action does not identify the subsections on which it relies.  In opposition to EWS's motion to dismiss, Keane argues that the complaint gives adequate notice since in its body it refers to N.Y. Gen. Bus. Law §§ 380-j(e) and 380-f as the consumer protection provisions under New York law that provide protections parallel to 15 U.S.C. §§ 1681e(b) and 1681i(a).

Section 380-j(e), like FCRA § 1681e(b), requires CRAs to "maintain reasonable procedures designed to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  N.Y. Gen. Bus. Law § 380-j(e).

10

Section 380-f, like FCRA § 1681i, outlines reinvestigation procedures that must be followed when "a consumer disputes any item of information in his [credit] file." N.Y. Gen. Bus. Law § 380-f.

Keane's parallel state law claims are dismissed for the same reasons that his federal claims are dismissed. Keane's threadbare recital does not state a violation of either state statute. His complaint fails to give fair notice to the defendant of its alleged violation of law or plausibly plead a violation of law.

## II. FMCC

Keane has named FMCC as a defendant in the 2024 Action only. Keane includes FMCC in a claim he pleads against all the defendants for a declaratory judgment pursuant to N.Y. CPLR § 3001. The claim seeks a declaration that the FMCC information in TransUnion's file on Keane is a result of identity theft.

FMCC has moved to dismiss the claim for several reasons, including that the complaint fails to state a claim against FMCC and that the declaratory judgment claim is preempted by FCRA. The plaintiff has not opposed the motion, and it is granted.

III. KeyBank

Keane has sued KeyBank[1] in both actions.  KeyBank has moved to dismiss the complaint in the 2024 Action but has answered the complaint filed in the 2025 Action.  The answer includes ten affirmative defenses.

The claims against KeyBank in the 2024 Action were for defamation/libel and declaratory relief.  Keane responded to the motion to dismiss filed by KeyBank in the 2024 Action with a request to file an amended complaint.

The claims against KeyBank in the 2025 Action are for violations of 15 U.S.C. § 1681s-2(b) and N.Y. Gen. Bus. Law § 380.  Given this procedural posture, the claims against KeyBank filed in the 2024 Action are dismissed.  The complaint in the 2025 Action is the plaintiff's operative complaint against KeyBank, and KeyBank has answered that pleading.

KeyBank has pleaded ten affirmative defenses, and Keane has moved to strike five of the ten defenses pursuant to Fed. R. Civ. P. 12(f).  A motion to strike an affirmative defense for legal insufficiency is "not favored."  William Z. Salcer, Panfeld, Edelman et al. v. Envicon Equities Corp., 744 F.2d 935,

---

[1] The 2024 Action is filed against KeyBank National Association dba KeyBank, Key Bank, Keycorp dba KeyBank and Key Bank.  The 2025 Action is filed against KeyBank National Association dba KeyBank and against Key Bank.  All these entities are referred to as KeyBank in this Opinion.

939 (2d Cir. 1985), <u>vacated on other grounds</u>, 478 U.S. 1015 (1986).  This is particularly true when it would require a determination of issues more properly "determinable only after discovery and a hearing on the merits."  <u>Id.</u> (citation omitted).  A motion to strike an affirmative defense will therefore "not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense."  <u>Id.</u> (citation omitted).

The plaintiff's motion to strike the five affirmative defenses is denied.  It is premature to determine whether these defenses may be relevant and have merit.  The plaintiff's motion has needlessly increased the expense and burden of litigation.

## Conclusion

The defendants' motions of August 19, August 30, and September 3, 2024 to dismiss the 2024 Action are granted.  The Clerk of Court shall close that action.

The May 16, 2025 motion by EWS to dismiss the claims brought against it in the 2025 Action is granted.

The only remaining claims are those brought against KeyBank in the 2025 Action.  KeyBank has answered the complaint.  The May 6, 2025 motion by the plaintiff to strike KeyBank affirmative defenses is denied.  A scheduling order will set a

13

date for an initial conference in the 2025 Action.

Dated:     New York, New York
           March 11, 2026

                                        _____
                                        DENISE COTE
                                        United States District Judge